IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEYONA MCCREARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 21-561 (MN) |
| ) | Superior Court of the State of Delaware |
| UNITED STATES OF AMERICA, ) | in and for New Castle County |
| ) | C.A. No. N21C-01-030-DCS |
| Defendant. ) | |

**MEMORANDUM OPINION**

Keyona McCreary, Wilmington, DE – *Pro Se* Plaintiff

David C. Weiss, United States Attorney, and Shamoor Anis, Assistant United States Attorney, Wilmington, DE – Attorneys for Defendant

March 21, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Keyon McCreary ("Plaintiff" or "McCreary"), who proceeds *pro se*, filed this action in the Superior Court of the State of Delaware in and for New Castle County on January 8, 2021. (D.I. 1-1 at 2). The matter was removed to this Court on April 21, 2021. (D.I. 1). Defendant United States of America ("Defendant") moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 5). The matter is fully briefed.

## I.     BACKGROUND

Plaintiff's claim arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The Amended Complaint alleges that Henrietta Johnson Medical Center ("Medical Center") and Dr. Mia Holmes ("Dr. Holmes") were negligent in providing Plaintiff medical and dental care in January 2019. (D.I. 1-1 at 2-10). Upon removal, the United States was substituted for the Medical Center and Dr. Holmes. (D.I. 4, 7).

As alleged, Plaintiff presented to the Medical Center on January 9, 2019, and saw Dr. Holmes who performed a tooth extraction. (D.I. 1-1 at 2-3). Plaintiff alleges that Dr. Holmes breached the applicable standard of care during Plaintiff's tooth extraction on January 9, 2019, which resulted in injuries. (*Id*. at 3). On October 8, 2019, Plaintiff submitted an administrative tort claim pursuant to the FTCA to the United States Department of Health and Human Services ("HHS") alleging "negligent tooth extraction leading to facial pain infection & numerous other procedures." (D.I. 6). The claim was denied on February 25, 2020. (D.I. 5-1 at 2-3).

On December 15, 2020, approximately ten months after the denial of her claim, Plaintiff submitted a second claim in an attempt to amend the original claim, construed by HHS as a motion for reconsideration. (D.I. 6-1 at 2-4). Plaintiff wrote to HHS counsel on March 1, 2021, regarding the request for reconsideration and asked for copies of any documents pertaining to her

1

administrative tort claim. (D.I. 9 at 87). On February 23, 2021, Plaintiff was advised that the agency received the written request for reconsideration in the format of a duplicate claim submission on December 9, 2020, more than six months after February 25, 2020; that Plaintiff did not file a timely written request for reconsideration, and the agency would not consider the request under 28 C.F.R. § 14.9(b); and that the administrative claim remained denied and the agency's file was closed. (*Id*. at 88). In the meantime, on January 8, 2021, Plaintiff filed suit in the Superior Court of the State of Delaware alleging negligence by Defendant. (*See* D.I. 1).

Defendant moves for dismissal on the grounds that the Complaint was not timely filed and is time-barred.

## II.   LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id*. at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a

complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences."  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).  Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim.  *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).  In addition, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.   DISCUSSION

Defendant moves for dismissal on the grounds that Plaintiff failed to file her Complaint within six months after the notice of final denial administrative claim and, therefore, her claim is time-barred.  (D.I. 5).

Under the FTCA, "a tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).  "Prior to the commencement of suit and prior to the expiration of the 6-month period provided in 28 U.S.C. 2401(b), a claimant . . . may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section."  28 C.F.R. § 14.9(b).  When a

motion for reconsideration is timely filed, the time to file a civil action "does not accrue until 6 months after the filing of a request for reconsideration." *Id*. The six-month limitation period for filing an FTCA suit is not jurisdictional and is subject to equitable tolling. *United States v. Wong*, 575 U.S. 412, 419 (2015).

Defendants are correct that Plaintiff did not timely file the instant lawsuit. Plaintiff did not submit her motion for reconsideration within six months of the February 25, 2020 denial. It was submitted on December 15, 2020, some four months late. Because the motion for reconsideration was not timely, Plaintiff was required to file suit on or before August 25, 2020. Plaintiff did not commence this action until January 8, 2021.

Plaintiff states that she was required to retain new counsel after her case remained untouched for eight months by her first attorney. (D.I. 8 at 1; D.I. 9 at 11). By letter dated September 25, 2019, HHS advised the second attorney that no administrative tort had been filed on Plaintiff's behalf, the second attorney filed a claim with HHS on October 1, 2019 and, on September 2, 2020, he sought an affidavit of merit from Dr. Sander White ("White"). (D.I. 9 at 15-16, 20). By letter dated February 25, 2020 received by counsel on February 27, 2020, HHS notified Plaintiff through her attorney that the FTCA claim was denied and of the right to file suit or request reconsideration within six months from the date of mailing of the denial letter. (D.I. 5-1 at 2-6). On December 11, 2020, Dr. White informed Plaintiff's attorney of his conclusion that there was no negligence. (D.I. 9 at 89). Plaintiff states that "suddenly on December 11, 2020 [her attorney] informed her that the affidavit of merit was denied and he can no longer take the case." (D.I. 8 at 2). Plaintiff was advised,

> As we discussed back in December, we retained Dr. White to issue an affidavit that your case had merit as is required to file a malpractice claim. Unfortunately he found no malpractice was committed in your case. . . For this reason we advised you back in

4

> December that we could not [sic] longer pursue your malpractice case.

(D.I. 9 at 19).

Plaintiff argues that due to the attorney's "unprofessionalism and mishandling time sensitive material Plaintiff was forced to research the appropriate parties, gather all documentation for [a] tort claim, file a second tort claim within five days, type an [sic] notice of intent to file lawsuit . . . , file a malpractice suit in superior court, was denied, pressured to find an affidavit of merit, and refiled the complaint successfully back in [the] Superior Court on March 18, 2019." (*Id*. at 3). Plaintiff argues that because the request for reconsideration was filed under urgent circumstances she should be allowed to take advantage of the extension for filing an FTCA suit as provided by 28 C.F.R. § 14.9(b). Plaintiff argues that she was forced to finish her FTCA claim as a *pro se* plaintiff due to legal malpractice. Defendant argues that it appears Plaintiff's attorney made a "simple miscalculation" that lead to missing the filing deadline.

Given the circumstances, the Court must determine whether equitable tolling applies. An otherwise untimely claim may nevertheless be permitted via equitable tolling in situations "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting [his or] her rights; or (3) where the plaintiff has timely asserted [his or] her rights mistakenly in the wrong forum." *D.J.S.-W. ex rel. Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994), *abrogated on other grounds by Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018) (en banc)). A litigant "will not receive the benefit of" tolling in any of these situations "unless she exercised due diligence in pursuing and preserving her claim." *D.J.S.-W. ex rel*, 962F.3d 750 (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009). In addition, tolling will never extend to "a

5

garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline." *Id.* at 750 (quoting *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (internal quotation marks and citations omitted).

Given the facts at hand, the Court considers whether Plaintiff has shown that she diligently pursued her rights and whether some extraordinary circumstance stood in her way. In this case, "extraordinary circumstances" involve an attorney's failure to satisfy professional standards of care. The United States Supreme Court has noted that several lower courts have specifically held that unprofessional attorney conduct may, in certain circumstances, prove "egregious" and can be "extraordinary." *Holland*, 560 U.S. at 651 (case string citations omitted).

The record facts in this case may well be an "extraordinary" instance in which Plaintiff's attorney's conduct constituted far more than "garden variety" or "excusable neglect." First, there is no doubt that Plaintiff's attorney failed to file a motion for reconsideration or this action within the six month deadline required under the FTCA, despite HHS informing him on February 25, 2020, that he had six months to file for reconsideration and if denied, six months from the date of the mailing of the determination to file suit in the appropriate district court, or six months to file suit in district court from the date of determination if reconsideration was not sought. (D.I. 5-1 at 2-3). The HHS letter was sent to Plaintiff's attorney, she was not copied on the letter, and it does not appear that Plaintiff's attorney advised her that HHS denied her claim. In addition, the attorney requested an affidavit of merit from Dr. White on September 2, 2020, after the deadline to file suit had passed. Moreover, it was not until December 11, 2020, the same day that Dr. White notified Plaintiff's attorney that there was no negligence, that the attorney notified Plaintiff he could no longer pursue her malpractice claim, leaving it to Plaintiff to proceed with the action, even though by that time, the attorney had missed both the deadline to submit a motion

for reconsideration and the deadline to file suit. The attorney's inaction and failure seriously prejudiced his client who thereby lost her opportunity to timely file her case.

In addition, "[t]o invoke equitable tolling, [Plaintiff] must show that [she] exercised reasonable diligence in investigating and bringing [her] claims." *New Castle Cty. v. Halliburton NUS Corp.*, 111 F.3d 1116, 1126 (3d Cir. 1997). Once Plaintiff's attorney told her that he would no longer represent her, Plaintiff contacted HHS, discovered it had ruled against her and she immediately filed a motion for reconsideration. When no ruling came down she again contacted HHS and was told the motion for reconsideration was untimely and the case was closed. At that point, she immediately filed a law suit. Under the circumstances this Court finds that Plaintiff diligently pursued her rights.

After carefully considering the facts and the law, this Court concludes that Plaintiff is entitled to equitable tolling. Therefore, Defendant's motion to dismiss will be denied.

## IV.    CONCLUSION

For the above reasons, the Court will deny Defendant's motion to dismiss. (D.I. 5). An appropriate order will be entered.